## Mortgage Participation Certificates.

WAGNER, Dep. Att'y-Gen., March 22, 1928.—We beg to acknowledge receipt of your request for our opinion relative to the authority of a bank chartered under the Act of May 13, 1876, P. L. 161, to issue mortgage participation certificates, either with or without guarantee.

We understand that it has been the practice for banks so chartered to issue and sell certificates evidencing participation of a designated amount in a mortgage fund established by the bank, the mortgages constituting which are held by the bank as security for the certificates outstanding. In certain cases the payment of the principal and interest of such mortgage participation certificates has been guaranteed by the bank. In some instances the mortgage participation certificates are issued under an agreement or deed of trust specifying the terms and conditions under which the mortgage participation certificates are issued, the rights of the holders thereof and the duties and

liabilities of the bank as trustee for the holders of the mortgage participation certificates with relation to the mortgages constituting the fund securing the certificates. In other cases the mortgage participation certificates are in effect merely assignments of a designated interest in a certain mortgage or group of mortgages, the assignment not being recorded and the bank acting as the agent of the assignee in the collection of the interest and principal when due.

Considering, first, the authority of a bank chartered under the above Act of 1876 to issue such mortgage participation certificates without guarantee, it is necessary to distinguish between a bank which has accepted the provisions of the Act of July 17, 1919, P. L. 1032, which grants to banks so chartered the right to act in the same fiduciary capacities in which trust companies organized under the laws of this Commonwealth are permitted to act, and a bank which has not accepted the said Act of 1919.

The issuance by a bank of mortgage participation certificates under an agreement or deed of trust under which the bank assumes to perform fiduciary powers and to act as trustee for the certificate holders is, in our opinion, authorized by the said Act of July 17, 1919, and a bank which has accepted this act is, therefore, authorized to issue such certificates and exercise the fiduciary powers required by the agreement under which the certificates are issued.

A bank which has not accepted the provisions of the above Act of 1919 is, however, not authorized to exercise such fiduciary powers and, therefore, has, in our opinion, no authority to issue mortgage participation certificates under any agreement or instrument which requires the issuing bank to exercise any trust or fiduciary powers. There is no prohibition, however, against the assignment by such a bank of a designated portion or amount of a single mortgage or group of mortgages or the issuance of certificates of participation therein, provided the assigning or issuing bank does not assume any fiduciary or trust powers either under the assignment or the certificates and the agreement or instrument under which such certificates are issued. It will be necessary to determine in each particular case whether or not the bank has assumed the performance of any fiduciary or trust powers.

Considering, next, the authority of a bank chartered under the above Act of 1876 to issue mortgage participation certificates with guarantee, we are of the opinion that such bank is not authorized to guarantee mortgage participation certificates, whether or not it has accepted the provisions of the Act of June 17, 1919, referred to above. The reasons for this opinion are the same as those set forth in the opinion of Deputy Attorney-General William Y. C. Anderson to the Secretary of Banking, dated Dec. 3, 1926, relative to the guarantee by a bank chartered under the said Act of 1876 of the payment of the principal and interest of bonds secured by mortgages on real estate sold by the bank to its customers. [Banks Guaranteeing Mortgages, 8 D. & C. 599.]

Accordingly, we beg to advise that, in our opinion, a bank chartered under the Act of 1876 is authorized to issue mortgage participation certificates without guarantee in connection with which it is required to exercise fiduciary or trust powers, provided it has accepted the said Act of June 17, 1919; that it is authorized to issue mortgage participation certificates without guarantee in connection with which it is not required to exercise any fiduciary or trust powers without accepting the provisions of the said Act of 1919; but that no bank chartered under the Act of 1876 is authorized, under any circumstances, to issue mortgage participation certificates with guarantee.

From C. P. Addams, Harrisburg, Pa.